UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-22976-CIV-LENARD/GOODMAN

**JAMIL NUNEZ,**

    Plaintiff,

**v.**

**FLORIDA FINISH PROFESSIONAL SERVICES, LLC,**

    Defendant.
_____/

## <u>ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT (D.E. 13)</u>

**THIS CAUSE** is before the Court on Plaintiff's Motion to Enforce Settlement Agreement, (D.E. 13), filed October 21, 2015. Defendant did not file a response.

On August 7, 2015, Plaintiff filed a Complaint against Defendant for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (D.E. 1.) On September 18, 2015, the Parties filed a Notice of Settlement and a separate Joint Motion for Approval of Settlement. (D.E. 10.) The Settlement Agreement calls for Defendant to pay a total sum of $3,520.00 within one week of the Court approving the settlement pursuant to <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1355 (11th Cir. 1982). (D.E. 10-1 at 1.) On September 18, 2015, the Court entered an Order dismissing the case without prejudice (D.E. 11) and an Order Approving the Settlement Agreement (D.E. 12.) The Joint Motion for Settlement Approval does not request the Court to retain jurisdiction to enforce the terms of the Settlement Agreement; the

Settlement Agreement does not contain a provision making its effectiveness contingent upon the Court retaining jurisdiction over its enforcement; and the Court's Order Approving the Settlement Agreement does not retain jurisdiction over the Settlement Agreement or incorporate the Settlement Agreement into the Order.

On October 21, 2015, Plaintiff filed the instant Motion to Enforce Settlement, stating that Defendant has failed to pay the settlement amount. (D.E. 13 ¶ 4.) He requests the Court to exercise supplemental jurisdiction to enforce the Settlement Agreement and enter a Final Judgment against Defendant in the amount of $3,520, plus interest and attorney's fees. (Id. at 3.)

"Enforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994). A district court can exercise supplemental jurisdiction over issues arising from a settlement agreement if the district court "embod[ies] the settlement contract in its dismissal order or, what has the same effect, retain[s] jurisdiction over the settlement contract, if the parties agree." Id. at 381-82; see also Ayari v. RJ Food Mart, Inc., No. 09-60233-CIV-GOLD/MCALILEY, 2010 WL 785304, at *1 (S.D. Fla. Mar. 4, 2010) (noting that even when the parties request that the court retain jurisdiction to enforce the settlement agreement, "[t]he mere consent of the parties . . . cannot confer subject matter jurisdiction; rather, the court must itself retain jurisdiction") (citing E-Z Load Gate Inc. v. Am. Moto Prods, Inc., No. 6:07-cv-1962-ORL-19DAB, 2009 WL 3246414, at *5 (M.D. Fla. Oct. 6, 2009)).

Here, the Parties did not request the Court to retain jurisdiction over the Settlement Agreement, the Court did not embody the Settlement Agreement in its dismissal Order,[1] and the Court did not otherwise retain jurisdiction over the Settlement Agreement. Consequently, the Court does not have jurisdiction to enforce the terms of the Settlement Agreement.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Enforce Settlement Agreement (D.E. 13), filed October 21, 2015, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 12th day of November, 2015.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

---

[1] Merriam-Webster defines "embody" as "to represent (something) in a clear and obvious way" or "to include (something) as part or feature." See http://www.merriam-webster.com/dictionary/embody.